# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tracy Smith, | ) |
|       Plaintiff, | ) C.A. No.: 2:17-cv-3384-PMD-BM |
|    v. | ) **ORDER** |
| Lauren Spears, Esquire, Sarah Gainey, and SAVE, Inc. a/k/a SAVEEAP, | ) |
|       Defendants. | ) |

This matter is before the Court on *pro se* Plaintiff Tracy Smith's objections to United States Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") that his suit be dismissed. Plaintiff also seeks the Court's permission to amend his complaint. For the reasons set forth herein, the Court overrules Plaintiff's objections, denies his request to amend his complaint as futile, and adopts the Magistrate Judge's R & R.

## BACKGROUND

This action arises out of Plaintiff's allegations related to discovery conducted during litigation Plaintiff brought in state court. According to Plaintiff, Defendants Gainey and Spears failed to disclose documents during discovery and concealed conversations about his counseling sessions with Defendant SAVE, Inc., Gainey, and SAVE's contractor, Jonathan Kessler. According to Plaintiff, those conversations were disclosed to his former employer, Showa Denko Carbon, Inc., without his consent, and he was subsequently terminated by Showa Denko.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

The majority of Plaintiff's objections to the R & R relate to his view that he is not attempting to relitigate matters decided in state court in a federal forum, and that he has adequately alleged that Defendants were state actors. Although Plaintiff raises a number of other objections, the Court concludes that the various portions of the Magistrate Judge's R & R discussed below render those objections meaningless.

First, the Court agrees with the Magistrate Judge that Plaintiff's claims here are, in general, merely an attempt to relitigate claims that he brought in various state court actions over the past several years. Plaintiff clearly takes issue with the outcome of those actions, and also disagrees with some of the rulings of the state court judges in those proceedings. However, as thoroughly explained by the Magistrate Judge, this Court may not review state court judgments or the rulings that underlie them. Under the *Rooker-Feldman* doctrine, superior state courts, and ultimately, the

United States Supreme Court, have exclusive jurisdiction to review state-court decisions such that the lower federal courts are generally barred from reviewing such decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine prevents a federal court from asserting jurisdiction in cases brought by state-court litigants dissatisfied with state-court judgments and "inviting district court review and rejection of those judgments"). As a result, although Plaintiff's claims are not clearly delineated in his complaint, the Court plainly lacks jurisdiction over all of his claims seeking review of the state court's rulings regarding his motion to compel.

In addition, Plaintiff's claims are barred for other reasons. The Court also agrees with the Magistrate Judge that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's primary claims are brought under 18 U.S.C. § 1346, 18 U.S.C. § 1347, 18 U.S.C. § 241, and 42 U.S.C. § 1983. While the Court believes that many of those claims may be barred by res judicata or collateral estoppel, it need not reach that conclusion here. Plaintiff cannot state a claim under his first three causes of action because those statutes do not provide a private right of action. *See Alford v. S. Gen. Ins.*, No. 7:12–CV–00273–BR, 2013 WL 1010584, at *2 (E.D.N.C. Mar. 14, 2013) (stating that 18 U.S.C. § 1346 does not confer a private cause of action); *U.S. ex rel. Michaels v. Agape Senior Community Inc.*, No. 0:12-cv-3466-JFA, 2013 WL 6383085, at *3 (D.S.C. Dec. 5, 2013) (quoting the Ninth Circuit's holding that there is no private cause of action under 18 U.S.C. § 1347); *Bey v. White*, No. 2:17-cv-76-RMG-MGB, 2017 WL 934728, at *3 (D.S.C. Feb. 14, 2017) (holding that 18 U.S.C. § 241 does not create a private right of action). As for Plaintiff's § 1983 claim, his claim fails because he cannot successfully allege that any Defendant is a state actor. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (stating that "the party charged with the [violative conduct] must be a person who may fairly be said to be

a state actor"). As noted by the Magistrate Judge, Plaintiff's assertion that Defendant Spears is a state actor by virtue of her South Carolina license to practice law is incorrect. *See Polk Cty. v. Dodson*, 454 U.S. 312, 317–24, 319 n.9 (1981) (concluding that not even a public defender is a state actor and noting that lawyers "are not officials of government by virtue of being lawyers").

Although Plaintiff might have other causes of action, his current causes of action fail to state a claim for the reasons set forth above. In addition, his proposed amendments to his complaint would not remedy the defects specified above. As a result, the Court concludes that Plaintiff's case should be summarily dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the R & R, **SUMMARILY DISMISSES** Plaintiff's case without prejudice, and **DENIES** Plaintiff's motion to amend his complaint.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**June 11, 2018**
**Charleston, South Carolina**